```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J.E., et al.,                     :    CIVIL ACTION
                                  :    NO. 10-2958
          Plaintiffs,             :
                                  :
     v.                           :
                                  :
BOYERTOWN AREA SCHOOL DISTRICT,   :
                                  :
          Defendant.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        SEPTEMBER 1, 2011

## I.  INTRODUCTION

Plaintiffs J.E. and the parents of J.E. (J.E. and A.E., "the Parents") (collectively "Plaintiffs"), initiated this action against the Boyertown Area School District ("Defendant" or "School District"), seeking the reversal of a Pennsylvania Special Education Hearing Officer's decision finding that the 2009-2010 Individualized Education Plan ("IEP") that the School District proposed was appropriate and that the School District would no longer have to reimburse Plaintiffs for private school placement.

Pending its decision, the Court ordered the School District to continue to fund J.E.'s tuition and transportation costs for his private school placement pursuant to 20 U.S.C. §

1415, the IDEA's stay-put provision.  In deciding motions for judgment on the record, the Court upheld the Hearing Officer's decision.  Plaintiffs now bring a Motion for Preliminary Injunction asking the Court to Order that the School District be required to continue to fund J.E.'s private placement while the case is on appeal to the Third Circuit, again pursuant to the IDEA's stay-put provision.

For the reasons set forth below, the Court will deny Plaintiffs' Motion for Preliminary Injunction.

**II.  BACKGROUND**

On June 21, 2010, Plaintiffs initiated this action against the Boyertown Area School District.[1]  Plaintiffs seek the reversal of Pennsylvania Special Hearing Officer William Culleton, Esq.'s ("Culleton" or "Hearing Officer") decision that the School District's IEP for J.E. for the 2009-2010 school year was an appropriate placement.  Plaintiffs claim that the School District's proposed IEP fails to provide J.E. with an appropriate placement.  Plaintiffs argue that instead of placing J.E. in the District's Autism Support class ("AS class") at the public

---

[1] This Court has jurisdiction as this claim is alleging violations of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1412(a), 1414(d).  Thus, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  As to this motion, this Court retains jurisdiction while the case is on appeal to maintain the status quo.  See Fed. R. Civ. Pro. 8(a).

Boyertown Area High School ("BAHS"), the appropriate placement for J.E. is at the private Hill Top Preparatory School ("Hill Top") and that J.E.'s parents should be reimbursed for tuition and transportation costs for J.E.'s attendance at the Hill Top. Plaintiffs are also seeking attorney's fees and costs.

When the School District offered this IEP to J.E., J.E.'s parents disagreed with it and filed for a due process hearing. Hearing Officer Culleton resolved the dispute in favor of the School District. In their Complaint, Plaintiffs attack the Hearing Officer's decision on several grounds: (1) it is based on a non existent document, (2) it ignores the evidence that the School District failed to offer a timely IEP, (3) it was not supported by a preponderance of the evidence, (4) it applied the wrong legal standard, and (5) it made an erroneous credibility determination finding that A.E.'s "startled reaction" to a loud sound in the room was evidence that she had a "heightened sensitivity" to the atmosphere of a large school. (Plf.s' Comp. at ¶ 30.) On August 30, 2010, Defendant filed its answer, denying Plaintiffs' allegations and asserting numerous defenses. (See Def.'s Answer.)

On September 2, 2010, Plaintiffs filed a Motion for Preliminary Injunction, arguing that Hill Top was J.E.'s pendent placement and that under the "stay-put" provision of the IDEA the School District is responsible for continuing to pay for J.E.'s

tuition at and transportation to Hill Top.  (See Plf.s' Mot. for Prelim. Inj.)  On September 16, 2010, the School District responded that it should not be responsible for these costs.  (See Def.'s Resp. to Mot. for Prelim. Inj.)  On December 12, 2010, following a hearing, the Court granted Plaintiffs' motion and ordered the School District to pay for J.E.'s tuition costs and transportation to Hill Top pending this Court's decision.  (Doc. no. 18.)

On December 8, 2010 both parties filed motions for judgment on the administrative record.  Responses and replies were filed by January 7, 2011.  On January 18, 2011, the Court held a hearing on the motions for judgment on the administrative record and issued a Memorandum Opinion and Order granting the School District's motion for judgment and denying Plaintiffs' motion for judgment.

Plaintiffs now bring a Motion for Preliminary Injunction asking the Court to Order that the School District be required to continue to fund J.E.'s private placement while the case is on appeal to the Third Circuit, again pursuant to the IDEA's stay-put provision.  This motion and the School District's response are now before the Court.

**III. DISCUSSION**

At the beginning of this case, this Court's Order granting a preliminary injunction only required the School District to fund the J.E.'s placement at Hill Top through the completion of this case in the United States District Court for the Eastern District of Pennsylvania.  Plaintiffs now move for a preliminary injunction compelling the School District to maintain J.E.'s current placement at Hill Top Preparatory School for the pendency of their appeal to the Third Circuit (doc. nos. 40 & 42).

> A. <u>The Third Circuit has Not Decided the Question of Whether The Stay Put Provision Remains in Effect Through a Federal Appeal.</u>

The IDEA requires that a state receiving federal education funding provide for disabled children, a "free appropriate public education" ("FAPE").  20 U.S.C. § 1415(a)(1). In doing so, if a school district cannot provide an appropriate placement for the child within its public schools, the school district must pay for tuition and transportation to a private school that can provide an appropriate education for that child. In order to provide a FAPE, school districts design and administer a program of individualized instruction that is set forth in an IEP.  20 U.S.C. § 1414(d).  The IDEA also gives parents the right to an impartial due process hearing on

complaints regarding the educational placement of their disabled children. 20 U.S.C. § 1415(b)(2). Parents also have a right to state or federal judicial review of final administrative decisions. 20 U.S.C. § 1415(e)(2).

More specifically, the IDEA's "stay-put" rule requires that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current education placement." 20 U.S.C. § 1415(e)(3). The Third Circuit considers the IDEA's "stay-put" rule to "function[], in essence, as an automatic preliminary injunction." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 (1996). "[T]he statute substitutes an absolute rule in favor of the status quo for the court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and a balance of the hardships." Id. (citations and quotations omitted).

While it is clear that the IDEA's stay-put provision maintains the child's placement during the District Court's review of the agency's decision, it is not a decided question in the Third Circuit that the stay-put provision applies during the pendency of a federal appeal. A District Court in this Circuit has found the language in Drinker to mean that the stay-put provision remains in effect during the appeal to the Third

Circuit. <u>Ringwood Bd. of Educ. v. K.H.J.</u>, 469 F. Supp. 2d 267 (D.N.J. 2006) (concluding that the stay-put provision applies throughout the entire judicial process, including circuit court appeals). However, both the 6th and D.C. Circuits, as well as at least one District Court in this Circuit have found that the stay put provision does not remain in effect during a federal appeal. See <u>Kari H. v. Franklin Special School Dist.</u>, 125 F.3d 855 (6th Cir. 1997) (holding that Congress did not intend the stay-put provision to apply during circuit court review); <u>Andersen v. Dist. of Columbia</u>, 877 F.2d 1018 (D.C. Cir. 1989) (same); <u>Bd. of Educ. of the Appoquinimink Sch. Dist. v. Johnson</u>, Civ. 06-770-JJF, 2008 WL 5043472 (D. Del. Nov. 25, 2008).

The circuit courts that have found that the stay-put provision does not apply during a federal appeal have considered the specific purpose of the stay-put provision in reaching their conclusions. That is, that the purpose was "'to prevent school officials from removing a child from the regular public school classroom over the parents' objections pending completion of the review proceedings.'" <u>Andersen</u>, 877 F.2d 1018 at 1024 (emphasis in original) (quoting <u>Burlington School Committee v. Massachusetts Dep't of Ed.</u>, 471 U.S. 359, 373 (1985)). The D.C. Circuit in <u>Andersen</u> reasoned that "[o]nce a district court has rendered its decision . . . that change is no longer the consequence of a unilateral decision by school authorities" so

that the "automatic injunction perpetuating the prior placement would not serve the section's purpose." Id.

The D.C. Circuit also found that the statute itself did not contemplate that the stay-put provision would remain in effect during a federal appeal:

> Subsection 1415(e)(3) states that a stay-put injunction shall be granted during "the pendency of any proceedings conducted pursuant to this section." The "section," 1415, speaks of only three types of proceedings: due process hearings, state administrative review where available, and civil actions for review brought "in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(e)(2). The only other reference in the section to court proceedings (other than the stay-put provision itself) is the last sentence of § 1415(e)(2), authorizing "the court" to hear additional evidence; this obviously contemplates only the trial court. Thus, although an appeal is part of a "civil action," Congress's focus appears to have been on the trial stage of proceedings.

Andersen, 877 F.2d at 1023.

Plaintiffs argue that the stay-put provisions should remain in place during their appeal to the Third Circuit because the Third Circuit has recognized that "[t]he Supreme Court has described the language of section 1415(e)(3) as 'unequivocal,' in that it states plainly that 'the child shall remain in the then current educational placement.'" Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 (1996)(quoting Honig v. Doe, 484 U.S. 305, 323 (1988)); see also Pardini, 420 F.3d at 190.  Plaintiffs specifically point to the Third Circuit's finding that "[t]he provision represents Congress' policy choice that all handicapped

children, regardless of whether their case is meritorious or not, are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved." Drinker, 78 F.3d at 864.

However, it is in Drinker, the same opinion, that the Third Circuit identifies the issue of whether the stay-put provision applies during a federal appeal and explicitly chooses not to decide the issue. Drinker, 78 F.3d at 868 n.16 (citing Andersen, 877 F.2d at 1023). Thus, the Third Circuit's strong language supporting the finding that the stay-put provision remain in effect during the District Court's review cannot support a finding that the Third Circuit supports the application of the stay-put provision on federal appeal where the Third Circuit explicitly declined to decide the issue.

Although the Third Circuit has not specifically held that the stay-put provision remains in effect during the pendency of an appeal to the Third Circuit, like the court in Johnson, the Court finds the reasoning of the Andersen court to be very persuasive. Providing the stay-put provision during the pendency of the District Court's review ensures that school officials cannot unilateral move a child without federal review. Indeed, by providing that the stay-put provision stays in effect through the District Court proceedings, parents are also protected from the consequence of a unilateral decision by the local

government's agency that provides the initial review of the school authorities decisions.

However, to require that the stay-put provision applies during a federal appeal could yield absurd results.  Parents could continue to appeal to the Third Circuit and then the Supreme Court forcing a school district to reimburse private school tuition where multiple levels of review have found that the IEP offered to the child provides a FAPE.  Further, this will discourage school officials from agreeing to provide support for private placement for fear that this leaves them required to pay until the child graduates regardless of changed circumstances because all the parents would have to do is continue to appeal.

> B. <u>Alternatively, Stay-Put Provision No Longer Applies as the Parties "Otherwise Agreed"</u>

Alternatively, even if the Third Circuit finds that the stay-put provision does apply during a federal appeal, Plaintiffs are not entitled to reimbursement because J.E.'s current pendent placement is BAHS as the parties "otherwise agreed" to this placement.  Under the "stay-put" rule, "[t]he relevant inquiry under section 1415(e)(3) thus becomes the identification of 'the then current educational placement.'"  <u>Id.</u> at 865 (citations omitted).  This Court has already found that J.E.'s pendent placement was Hilltop when litigation in this Court commenced.  However, the School District argues that by creating a transition

plan for J.E., the parents and the School District have agreed on a placement, rendering Boyertown High School as J.E.'s new pendent placement.

On February 8, 2011, this Court denied all of the Parents' claims raised on appeal and ordered that:

> the parties shall file an agreed upon transition plan by Friday, February 18, 2011.  If the parties cannot agree on a transition plan for J.E., each party shall file a proposed transition plan by Friday, February 18, 2011 for the Court to decide.

(doc. no. 33).

On February 18, 2011, the parties submitted a Joint Motion For Approval of Joint Transition Plan for this Court's approval. (See doc. no. 34.)  The parties' Joint Transition Plan included a detailed five-day plan to transition J.E. to the School District's high school, as well as a plan to follow up with a meeting a month after J.E. began attending the District's high school to review and revise J.E.'s IEP accordingly.  The Court approved of the parties' Joint Transition Plan. (See Doc. no. 35.)

While the School District attempted to implement the Joint Transition Plan, Plaintiffs refused to cooperate.  Instead of following the Joint Transition Plan, J.E. remained at Hill Top and Plaintiffs pursued a further appeal of this matter to the Third Circuit and requested continued public funding and transportation for J.E. to attend the Hill Top.  However, the

School District denied their request.  The School District now argues that the transition plan constituted an "agreement" between the parties, thus satisfying a condition under which the stay-put provision is no longer applicable.  The Court agrees.

The IDEA's "stay put" rule requires that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current education placement."  20 U.S.C. § 1415(e)(3).  Here, Plaintiffs engaged in discussions with the School District to create a Joint Transition Plan.  They further submitted the plan to the Court as one agreed to between the parties without qualifying their agreement or making any reference to an actual intent of not following the plan, maintaining J.E. at Hilltop, filing an appeal, and requesting an injunction requiring the School District to reimburse them for J.E.'s tuition at Hilltop and transportation costs.  Once Plaintiffs agreed to the placement of BAHS in the Joint Transition Plan, the stay-put provision no longer applied under the clear language of the provision.

Thus, the Court will deny Plaintiffs' Motion for Preliminary Injunction requiring the School District to fund J.E.'s tuition and transportation costs of attending Hilltop.[2]

---

[2] The Court does not need to address the issue of whether, once application of the stay-put provision is denied, a

**IV. CONCLUSION**

For the reasons stated above, the Court will deny Plaintiffs' Motion for Preliminary Injunction. An appropriate order will follow.

---

preliminary injunction pursuant to Rule 65 may be obtained. Even if the Court found that Rule 65 is applicable and that Plaintiffs satisfied all the requirements for a preliminary injunction, it would be fruitless for Plaintiffs as under Rule 65(c) they would still have to provide security (in the amount of tuition and transportation costs they seek), negating Plaintiff's purpose for seeking this relief.